IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


ROBERT BURNS MCCALL,                    §
      Petitioner,                    §
                                        §
v.                                      §          2:07-CV-0029
                                        §
NATHANIEL QUARTERMAN, Director,         §
Texas Department of Criminal Justice,   §
Correctional Institutions Division,     §
                                        §
      Respondent.                    §


**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging two prison disciplinary proceedings and the resultant loss of three hundred sixty-five (365) and ninety (90) days previously accrued good time credits. The disciplinary proceedings took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner was still incarcerated at the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas form petition, petitioner has not provided his underlying conviction information but he has conceded

that he is ineligible for mandatory supervised release.[1]  As petitioner is <u>not</u> eligible for

mandatory supervised release, he is not entitled to any federal habeas corpus relief.


<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the

United States District Judge that the petition for a writ of habeas corpus filed by petitioner

ROBERT BURNS MCCALL be DENIED.


<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of February 2007.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In
the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing
objections is eleven (11) days from the date of filing as indicated by the "entered" date directly
above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or
transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or
electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).
Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this**

---

[1]A review of the Texas Department of Criminal Justice Offender Information records indicates petitioner is in
respondent's custody pursuant to a 1991 conviction for the felony offense of sexual assault of a child out of Dallas County,
Texas, for which he received a 25-year sentence.

**recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).